## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                             CASE NO.: 1:07-CR-021-SPM

ANGEL GARCIA-BERCOVICH,
LUIS ANTONIO BUJANDA-CALLEJAS,
and LUIS MATA-MORENO,

        Defendants.
_____/

## ORDER DENYING DEFENDANT GARCIA-BERCOVICH'S 404(b) AND 403 MOTIONS

**THIS CAUSE** comes before the Court upon Defendant Angel Garcia-Berchovich's "Motion in Limine to Exclude Purported Rule 404(b) Evidence" (doc. 36). The motion is directed toward Defendant's 1999 conviction for violation of 21[1] U.S.C. §§ 952 and 960 for importation of marijuana. Defendant also filed a "Motion in Limine to Exclude Rule 403 Evidence" (doc. 48). The 403 motion is directed toward (1) a prior arrest and conviction for possession of cocaine, (2) a prior arrest and conviction for

---

[1] In an apparent scrivener's error, the Defendant's motion identifies his prior conviction as an offense under Title 18 as opposed to Title 21. The offenses listed under Title 18, United States Code, Sections 952 and 960 are for "Diplomatic codes and correspondence" and "Expedition against friendly nation." The offense listed under Title 21, United States Code, Section 952 is for "Importation of controlled substances" and Section 960 prescribes the penalties for that offense.

smuggling marijuana[2], (3) a prior arrest and conviction for unlawful use of a telephone, (4) evidence of Defendant's knowledge or experience with the federal criminal justice system, (5) evidence that Defendant served time in prison, and (6) written or recorded statements made by Defendant regarding his criminal history and interaction with the federal criminal justice system.

Defendant's motions were filed on the eve of trial[3], without the conference required under Northern District of Florida Local Rule 7.1(B), which requires a moving party to confer with opposing counsel in a good faith effort to resolve the issues raised. The Government filed a written response to the 404(b) motion.  (doc. 42)  It has not, however, filed a written response to the 403 motion.  Instead, the Court heard oral argument from the parties at a hearing on October 10, 2007.

At the hearing, the Government stated that almost all of the matters raised in Defendant's motions were moot because the Government did not intend to present such evidence in its case-in-chief.  Specifically, the Government will not present evidence concerning Defendant's prior arrest and conviction for possession of cocaine because the arrest occurred in 1993 and did not involve marijuana.  The Government also stated that, unless Defendant introduces the issue, it will not present evidence of Defendant's knowledge of the federal criminal justice system,

---

[2]  This is the conviction under 21 U.S.C. §§ 952 and 960 that is also the subject of the 404(b) motion.

[3]Trial was initially scheduled for October 1, but because of the many pre-trial motions filed and other logistical and witness concerns, the Court rescheduled the trial for November 13, 2007.

prison record, and the like.

The Government does, however, intend to present evidence of the Defendant's 1999 conviction for smuggling marijuana, which is the only matter left at issue.  The Government argues that the 1999 conviction for smuggling marijuana is admissible under Federal Rule of Evidence 404(b) to prove Defendant's intent to commit the offenses charged in this case.

## I.  404(B) STANDARD

Under Federal Rule of Evidence 404(b), "[e]vidence of other wrongs, crimes, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."  Fed. R. Evid. 404(b).  In other words, a defendant's extrinsic bad acts cannot be introduced to show that a defendant has a bad character and therefore was more likely to commit the instant offense.  Such evidence is admissible, however, under Rule 404(b) as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  Fed. R. Evid. 404(b).

In determining the admissibility, a three-part test applies.

First, the evidence must be relevant to an issue other than the defendant's character. Second, as part of the relevance analysis, there must be sufficient proof so that a jury could find that the defendant committed the extrinsic act. Third, the evidence must possess probative value that is not substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403.

United States v. Giordano, 261 F.3d 1134, 1140 (11th Cir. 2001)(quoting United

States v. Miller, 959 F.2d 1535, 1538 (11th Cir. 1992)). "In determining whether [the third] part of the test is satisfied, a court should consider the differences between the charged and extrinsic offenses, their temporal remoteness, and the Government's need for the evidence to prove intent."  United States v. Dias-Lizaraza, 981 F.2d 1216, 1225 (11th Cir. 1993).

## II.  CHARGES IN THIS CASE

In this case, Defendant is charged in a two-count indictment with (1) conspiracy to distribute or to possess with intent to distribute more than 1000 kilograms of marijuana[4], and (2) possessing with intent to distribute more than 100 kilograms of marijuana[5].  Defendant was arrested while picking up a package from Central Transport, a cargo delivery company located in Gainesville.  The package was found to contain approximately 800 pounds of marijuana.

Defendant anticipates that his defense at trial will be lack of knowledge or intent.  Doc. 80.  Defendant claims that he had no idea what he was picking up from Central Transport.  He knew that he was supposed to pick up a package, but he did not know what the package contained.

## III.  CONVICTION FOR SMUGGLING MARIJUANA

In 1999, Defendant was arrested while driving across the border from Mexico to California.  Hidden inside a compartment in the gas tank were 26 kilograms of

---

[4]  21 U.S.C.  §§ 841(a)(1) and 841(b)(1)(A)(vii).

[5]  21 U.S.C.  §§ 841(a)(1) and 841(b)(1)(B).

4

marijuana.  Upon arrest, Defendant denied all knowledge of the marijuana.  Later, however, he confessed to the offense and entered a guilty plea.

## IV.  ANALYSIS

### A.    Relevant for Legitimate Purpose

Turning to the first part of the 404(b) test, the Government asserts that evidence of Defendant's 1999 conviction for smuggling marijuana is relevant to prove intent.  Intent is always an issue in drug distribution cases unless the defendant stipulates to the requisite intent.  United States v. Diaz-Lizaraza, 981 F.2d 1216, 1224 (11th Cir. 1993).   Furthermore, it has long been established that "evidence of prior drug dealings . . . is highly probative of intent in later charges of conspiracy and distribution of a controlled substance."  Id.  The Government has therefore satisfied the first part of the 404(b) standard.

### B.    Proof Defendant Smuggled Marijuana in 1999

The next part of the test requires the Government to furnish proof that Defendant smuggled marijuana in 1999.  The Government can satisfy this requirement through records of the conviction.  Defendant does not contest the conviction or the underlying facts.  The Government has therefore satisfied the second part of the 404(b) standard.

### C.    Probative Value and Unfair Prejudice

The third part of the test requires the probative value of the evidence to justify admission, despite any unfair prejudice to the defendant.  "In determining whether

this part of the test is satisfied, a court should consider the differences between the charged and extrinsic offenses, their temporal remoteness, and the Government's need for the evidence to prove intent." Diaz-Lizaraza, 981 F.2d at 1225.  An evaluation of these factors demonstrates that the probative value of the evidence is not substantially outweighed by unfair prejudice to Defendant.

Although some differences exist between the instant offense and the 1999 smuggling conviction, there are substantial similarities.  In particular, both offenses involve marijuana in distribution quantities.  Both offenses involve a denial by Defendant of his knowledge of the marijuana.  As a whole, the comparison of the instant offense and the 1999 smuggling conviction weighs in favor of admission under rule 404(b).

As for temporal remoteness, approximately seven and one-half years have elapsed from the time Defendant smuggled the marijuana in 1999 to the time of the offense charged in this case.  The passage of time has a diminishing effect on the probative value of the 1999 conviction.   Convictions that are ten, thirteen, and fifteen years old, however, have been deemed admissible under rule 404(b).  See United States v. Lampley, 68 F.3d 1296, 1300 (11th Cir. 1995).  This factor does not preclude admission of the prior conviction under rule 404(b).

The final consideration is the Government's need for prior conviction to prove intent.  The court recognizes "the special difficulty of proving intent" in drug conspiracy cases.  Diaz-Lizaraza, 981 F.2d at 1225.  In the absence of any

6

"overwhelmingly credible" witness to testify about a defendant's intent, the government's need for a prior conviction to prove intent is not questioned. Id. Given Defendant's intended defense to the charge and the lack of any witnesses who could testify as to Defendant's intent, this factor weighs strongly in favor of admission under rule 404(b).

## V.  CONCLUSION

With the exception of the 1999 marijuana smuggling conviction, the evidentiary issues raised in Defendant's 403 motion are moot.  The 1999 marijuana smuggling conviction is admissible under the 404(b) and 403 test.  The conviction is relevant to prove intent.  The Government has sufficient proof to show that Defendant in fact smuggled the marijuana.  The probative value of the conviction is not substantially outweighed by unfair prejudice.   Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1.    The motion to exclude Rule 403 Evidence (doc. 48) is *denied as moot*.

2.    The motion to exclude purported Rule 404(b) Evidence (doc.36) is *denied*.

**DONE AND ORDERED** this eighth day of November, 2007.


 *s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge

7