**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                              CASE NO.: 1:07-CR-021-SPM

ANGEL GARCIA-BERCOVICH,

    Defendant.

_____/

**ORDER DENYING MOTION TO DISMISS INDICTMENT**

THIS CAUSE comes before the Court on the Defendant's "Motion to Dismiss Indictment Based on Destruction of Evidence" (doc. 80), in which the Defendant argues that the indictment should be dismissed on due process grounds because the Government destroyed the boxes in which the marijuana was shipped, and the "Government's Response to Defendant's Motion to Dismiss Indictment Based on Destruction of Evidence" (doc. 85). For the reasons explained below, the motion will be denied.

**Background**

Defendant is charged in a two-count indictment with (1) conspiracy to distribute or to possess with intent to distribute more than 1000 kilograms of

marijuana[1], and (2) possessing with intent to distribute more than 100 kilograms of marijuana[2]. Defendant was arrested while picking up a package from Central Transport, a cargo delivery company located in Gainesville, Florida. The package was found to contain approximately 800 pounds of marijuana. After the Defendant's arrest, the Government seized the boxes of marijuana and took them to the police station. After completing an inventory of the boxes, the police officers destroyed the boxes and the shipping material used to deliver the marijuana and repackaged the marijuana in other boxes that they had obtained.

The defense at trial will be lack of knowledge or intent. The Defendant claims that he had no idea what he was picking up from Central Transport. He knew that he was supposed to pick up a package, but he did not know what the package contained. The Defendant argues that in order to substantiate this theory of defense, he needs to see (and show the jury) exactly how the boxes were packaged and how they appeared when they reached Central Transport. The Defendant wants to show that it was impossible for him to have known that there was marijuana inside those boxes. To explore this defense, the Defendant explains that he must have access to the actual boxes and the packing material so that he can fully and persuasively argue that it was impossible for him to know the contents of the package. Because of the Government's failure to maintain

---

[1] 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(vii).

[2] 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).

the shipping boxes and materials in the way they were when the police discovered them, or by their failure to take proper photographs of the boxes before they destroyed them, the Defendant contends that the indictment against him should be dismissed.

**Discussion**

In the one case cited by the Defendant, the Supreme Court established guidelines for requiring the delivery of evidence into the hands of the accused. The Court stated that "[a] defendant has a constitutionally protected privilege to request and obtain from the prosecution evidence that is . . . material to the guilt of the defendant." California v. Trombetta, 467 U.S. 479, 485 (1984). Furthermore, "the prosecution has a constitutional duty to turn over exculpatory evidence that would raise a reasonable doubt about the defendant's guilt." Id. The evidence that the Government is required to preserve is limited to "evidence that might be expected to play a *significant role* in the suspect's defense." Id. (emphasis added).   To meet this threshold, the evidence must 1) have "an exculpatory value that was apparent before the evidence was destroyed" and 2) "be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means". Id.

In Trombetta, the defendants were charged with driving while intoxicated. At some point between the breath analysis and the trial, the police officers destroyed the breath samples submitted by the defendants.  The defendants

argued that preservation of the breath samples would have enabled them to impeach the incriminating test results. The Court found that the possibility of further tests being exculpatory was extremely low and that there were other methods that the defendants could have used to prove their innocence and therefore, the destruction of breath samples analyzed in a Breathalyzer test was not a violation of the Due Process Clause of the Fourteenth Amendment. The basis of this decision was the fact that "the evidence to be presented at trial was not the breath itself but rather the Intoxilyzer results obtained from the breath samples." Id., at 488.

By way of analogy to the facts in this case, if breath samples from a breath-analysis test kit do not significantly affect a case of driving while intoxicated, then neither do boxes in which marijuana was shipped significantly effect a case of marijuana possession. In other words, shipping boxes are *not* to drug possession as breath samples are to drunk driving . Breath used in a Breathalyser test is much more "significant to a Defendant's defense" than shipping boxes are. The boxes that contained the marijuana (as opposed to the marijuana itself), are neither material to nor likely to raise reasonable doubt as to the Defendant's guilt.

With regard to the first prong of the Trombetta test, the Defendant has not shown that the exculpatory nature of the evidence was apparent. In fact, the Defendant admits that the relevance of the boxes rests on his theory of defense. There was no way that the Government could have known what the Defendant's

4

theory of defense would be at the time they destroyed the boxes.  And even if they had, it was not apparent that the boxes and the packing materials would be evidence that would play a significant role in that defense.  The exculpatory value of the shipping boxes is far from apparent.

Furthermore, as in Trombetta, there are alternative means that the Defendant can demonstrate his innocence.  There are numerous witnesses who were at the scene and who saw the boxes as they appeared when they arrived at Central Transport.  Additionally, there are many photographs that were taken of the boxes.  Though photographs were not taken of every side of every box, the photographs–combined with the testimony of those who took the photographs or who saw the boxes–can be used to describe the packing and the materials used to conceal the contents of the package.  The Defendant will have ample opportunity to cross-examine all of these witnesses.

As a secondary issue, when evidence that is *potentially* useful to the defense is destroyed, bad faith in connection with the destruction of the evidence must be shown before an indictment will be dismissed on due process grounds. See United States v. Brown, 9 F.3d 907, 910 (11th Cir. 1993).  The Defendant does claim that law enforcement destroyed the boxes in bad faith.  But he offers no facts to substantiate that claim of bad faith.  Based on the testimony offered during the suppression hearing, and the facts presented in the Defendant's motion, there was no indication that the offers had any bad faith in the handling of the boxes containing the evidence.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Indictment (doc. 80) is hereby *denied*.

**DONE AND ORDERED** this eighth day of November, 2007.

*s/ Stephan P. Mickle*

Stephan P. Mickle
United States District Judge