UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                         CASE NO.: 1:07-CR-021-SPM

ANGEL GARCIA-BERCOVICH,

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S PRE-TRIAL MOTIONS

**THIS CAUSE** comes before the Court on the Defendant's "Motion to Compel the Government to Produce Address Information for Government Witness Ben Lalic" (doc. 72); "Motion to Continue Suppression Hearing to Call or Cross Examine Government Witness Ben Lalic on Hearsay Statements Admitted by Government" (doc 73); "Second Amended Motion to Suppress Physical Evidence (Based on Newly Discovered Evidence) and Motion for Evidentiary Hearing" (doc. 76); and the "Motion to Strike Hearsay Statements of Phantom Witness Ben Lalic" (doc. 77). The Court will deal with these motions in turn.

### Background

On June 23, 2007, Central Transport shipping company ("CT") received a 1100-pound package consisting of multiple boxes addressed to the Defendant.

CT employees attempted to deliver the package to the address listed on the label.  After numerous attempts, they were unable to locate the exact address where the package was to be delivered.  They called the two phone numbers listed on the shipping label.  They also contacted the company who shipped the package to CT.  An employee of that company said that she could not locate the sender of the package, either.

A CT employee noticed a strange odor coming from the package.  The shipping label indicated that there were heating materials inside.   But the CT employee was concerned that the smell was not consistent with heating materials.  The CT employee then decided to open one of the boxes in an attempt to locate more information regarding the intended recipient and to investigate its contents.

In the first brown box that the employee opened, he saw a nondescript white box.  Inside of that white box was a package wrapped in green cellophane.  The CT employee then cut a slit in the package in order to determine what was inside.   After becoming suspicious that this package contained narcotics, the CT employee contacted the police.

Officer Charles Ward and Lieutenant Bart Knowles arrived on the scene and visually inspected the package.   Officer Ward testified that he inserted his fingers inside of the slit made by the CT employee and "manipulated the slit."  Officer Ward testified that after looking at and smelling the green package, both

officers concluded that it contained marijuana. Officer Ward said that he "manipulated the slit" in order to touch the contents and further verify what he and Lieutenant Knowles had already concluded–that the boxes contained marijuana. The police then decided that they would need to take the boxes back to the police station for inventory and destruction. Prior to doing so, Officer Ward removed another box from the middle of the package and opened it. He testified that the purpose of this inspection was to ensure that there were no booby traps inside the package that might injure the officer during the transport to the police station. Upon concluding that there were no traps in the box, Officer Ward began loading the boxes into police vehicles to transport them to the police station.

The next day, June 27, 2007, Officer Ward received a telephone call from the CT employee. The employee told the officer that the Defendant had arrived at the facility to pick up the package. Officer Ward instructed the employee to tell the Defendant that he could return later in the day to claim the package. Officer Ward then went to the police station, repackaged all of the marijuana in the same form that it had been in when it arrived at CT, and returned the package to the CT loading dock.

When the Defendant arrived later in the day to claim his package, Officer Ward, posing as an employee of CT, met the Defendant on the loading dock and told the Defendant that he would help him find his package. Officer Ward feigned confusion as to the location of the Defendant's package. Defendant assisted

Officer Ward in his search by pointing out the package that contained the marijuana. Officer Ward and another undercover officer helped the Defendant put the package in the Defendant's truck and then arrested him. At the time of the arrest, Officer Ward was joined by four other uniformed officers. A scuffle ensued, but eventually the Defendant was subdued and arrested. Officer Ward read the Defendant his Miranda warnings and then asked the Defendant if he agreed to speak to the police. The Defendant said yes. The officer escorted the Defendant to a room at CT in order to conduct an interview.

Officer Ward and Lieutenant Knowles both testified that there was nothing abnormal in Defendant's behavior at the loading dock. The Defendant did not seem impaired or confused about what the officers were saying to him. Two minutes elapsed between Officer Ward announcing that the Defendant was under arrest and the beginning of the interview. Officer Ward testified that the Defendant said that he understood English and that he understood his rights and was willing to talk to them. Detective Hunter asked the Defendant if the officers could search the package. The Defendant said yes. Officer Ward denied that any threats or promises were made to the Defendant during this interview. Officer Ward also testified that there were no weapons drawn during this interview. Lieutenant Knowles did testify that there were initially weapons drawn when the officers announced their presence on the loading dock, but once the scuffling began, all weapons were put away.

**A.      Motion to Compel the Government to Produce Address Information**

**for Government Witness Ben Lalic**

In this motion, the Defendant requests that this Court compel the government to produce identification and contact information for Ben Lalic, the CT employee that the Government says was responsible for opening the box of marijuana. The Government has been in contact with Lalic but they refuse to share Lalic's contact information with the Defendant. During the suppression hearing, the Government represented that Lalic told them that he is afraid of the Defendant and that Lalic fears that his participation in this case may put his life in danger. Lalic said that the only way he will participate in this case is in front of a court, under a subpoena.

The Defendant agues that Ben Lalic could testify regarding 1) CT policy and procedures regarding abandonment; 2) the actual number of days that the package was abandoned; and 3) the extent to which Lalic opened any of the boxes in question. The Defendant has been unable to locate an address or phone number for Lalic and he is concerned that Lalic is avoiding service of process. The information gathered regarding Lalic's current employment location has been unclear at best. Police Officers also testified to the statements made by Lalic. The Defendant argues that the Confrontation Clause of the United States Constitution entitles the Defendant to cross-examine Lalic on hearsay statements made during the suppression hearing. The Defendant further claims that the Government's refusal to provide the Defendant with Lalic's contact information is an obstruction of justice.

The Confrontation Clause "is violated when hearsay evidence is admitted as substantive evidence against the defendant, with no opportunity to cross-examine the hearsay declarant at trial." Kentucky v. Stincer, 482 U.S. 730, 737 (1987)(internal citations and quotations omitted).  When making that determination, "[t]he appropriate question is whether there has been any interference with the defendant's opportunity for effective cross-examination." Id. at 744 n.17.  There has been no violation of the Confrontation Clause because there was no interference with the Defendant's opportunity to cross-examine a witness.

The question to be determined at a suppression hearing is the admissibility of evidence.  The determination of admissibility is not bound by the Federal Rules of Evidence.  Fed. R. Evid. 104(a).  Therefore, the hearsay testimony of Lalic was properly admitted.  The Defendant had ample time to cross-examine the officers offering this testimony.  And because the information was offered at a evidentiary hearing where hearsay evidence is admissible, that hearsay information was not offered as "substantive evidence against the Defendant." Stincer, 482 U.S. at 744.

Furthermore, Ben Lalic was not a witness.  He was not prohibited from being a witness.  The Defendant was simply unable to locate him. The Confrontation Clause does not require the Government to turn over identification or contact information to the Defendant.  Witness statements? Yes.  Witness contact information?  No.  This is especially true when the person has not been

6

called by the Government as a witness and this person has expressed a fear of reprisal from the Defendant. There is no evidence that the Government has tried to coerce Lalic into not testifying or contacting defense counsel. The Government has been in contact with Lalic, but there is no evidence that the Government actually knows where Lalic is located. Therefore, this Court finds no evidence of Government interference in the Defendant's opportunity to cross-examine a witness and the "Motion to Compel the Government to Produce Address Information for Government Witness Ben Lalic" is denied.

**B.     Motion to Continue Suppression Hearing to Call or Cross Examine Government Witness Ben Lalic on Hearsay Statements Admitted by Government**

In this motion, the Defendant requests that this Court continue the suppression hearing in order to permit the Defendant an opportunity to locate and subpoena Ben Lalic as a witness. The Defendant has had from October 10 through October 24 to locate and subpoena Ben Lalic. The Defendant has been unable to do so. As discussed above, the Government is not required to produce Ben Lalic for cross examination by the defense. Therefore, this Court finds that a continuance will not increase the likelihood that the Defendant will be able to locate Ban Lalic. Accordingly, the motion to continue is hereby denied.

**C.     Second Amended Motion to Suppress Physical Evidence (Based on Newly Discovered Evidence) and Motion for Evidentiary Hearing**

In this motion, the Defendant requests that in addition to the packages found at the CT loading dock, the Court should suppress the evidence located in

a warehouse in Indianapolis.  Many of the issues raised in this motion were addressed by the Court in its Order Denying Motion to Suppress. (doc. 79) The only issue not addressed was the suppression of the marijuana found in a warehouse in Indianapolis.  The basis of the seizure of these drugs was the consent of the Defendant given at the CT loading dock to search the items in that warehouse.  The Defendant argues that his consent was not valid or lawful because it was coerced by the use of threats and promises made by the police officers at the loading dock.  The Court finds this claim to be without merit.

The testimony of the officers at the suppression hearing confirmed that the Defendant was calm and responsive to all questions posed by the officers.  There was no evidence of any threats or coercion on the part of the officers.  The Defendant freely and willingly gave his consent to search.  The officer even asked the Defendant repeatedly if he understood everything that was being said and the Defendant replied affirmatively.  Therefore, the motion to suppress the evidence seized in Indianapolis, Indiana is hereby denied.  Furthermore, based upon this Court's pervious finding that there was no Fourth Amendment violation by the police officers,  the narcotics found in Indianapolis were not fruit from an unlawful search and seizure.  Therefore, the second amended motion to suppress the narcotics is hereby denied.

**Motion to Strike Hearsay Statements of Phantom Witness Ben Lalic**

The basis for this motion to strike is identical to the arguments made in the motion to compel the production of address information (doc. 72).   Therefore, for

8

the same reasons stated above, this Court finds that there is no basis upon which to strike admissible hearsay statements from the suppression hearing and in this case. There has been no violation of the Defendant's rights under the Confrontation Clause and accordingly, this motion to strike is hereby denied.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Motion to compel address information (doc. 72) is hereby ***denied***.

2. Motion to continue suppression hearing (doc. 73) is hereby ***denied***.

3. Second motion to suppress (doc. 76) is hereby ***denied***.

4. Motion to strike hearsay statements (doc. 77) is hereby ***denied***.

**DONE AND ORDERED** this <u>ninth</u> day of November, 2007.

*s/ Stephan P. Mickle*

Stephan P. Mickle
United States District Judge