**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                         CASE NO.: 1:07-CR-021-SPM

ANGEL GARCIA-BERCOVICH,

    Defendant.

_____/

**ORDER DENYING MOTIONS FOR ACQUITTAL AND A NEW TRIAL**

THIS CAUSE comes for consideration upon Defendant's "Renewed Motion for Judgment of Acquittal" (doc. 142) and "Motion for A New Trial" (doc. 143). Defendant files his motions pursuant to Federal Criminal Procedure Rules 29 and 33. Rule 29 states that the Court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Rule 33 states that a district court may grant a new trial "if the interest of justice so requires." For the reasons set forth below, the Court denies both of Defendant's motions.

On January 16, 2007, a jury found Defendant guilty of 1) conspiracy to possess with intent to distribute marijuana; and 2) possession of marijuana with an intent to distribute. Defendant argues that the evidence offered to convict him was insufficient. He claims that the Government produced no direct or circumstantial evidence that Defendant knew or could have known that what he possessed was marijuana.

**Motion for a New Trial**

In considering a Rule 33 request for a new trial, the basis of which is a claim of insufficient evidence, the Court is not required to view the evidence in favor of the verdict. United States v. Martinez, 763 F.2d 1297, 1312 (11th Cir. 1985). The court "may weigh the evidence and consider the credibility of witnesses." Id. However, the court may not set aside a verdict simply because it feels some other result would be more reasonable. Id. at 1312-13. Instead, "the evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." Id. at 1313. Motions for new trials are not favored and courts are to grant such requests "sparingly and with caution," and only in "exceptional" cases. Id.

In this case, Defendant was apprehended when he came to pick up a large package of marijuana from a transport facility. The Defendant had not seen what was inside the package when he arrived. However, he did know that someone had paid for him to come to Gainesville in order to pick up a package and deliver it to another person. From this evidence, the jury could have reasonably concluded that Defendant deliberately closed his eyes in order to "avoid learning the details" of what he had every reason to believe was the fact. United States v. Patterson, 231 Fed. Appx. 878, 885 (11th Cir. 2007). Furthermore, the jury could have reasonable relied on the evidence about the prior incident of Defendant transporting marijuana to determine that Defendant had the requisite state of mind or to know that he was in possession of marijuana. Therefore, in weighing the evidence and the credibility of the witnesses that testified in the trial, it would not be a miscarriage of justice to let the guilty verdict stand.

**Motion for Judgment of Acquittal**

With regard to the motion for a Rule 29 judgment of acquittal, the Court must "review the evidence in the light most favorable to the government" and then "conclude that no reasonable jury could find proof beyond a reasonable doubt" that the defendant was guilty. United States v. Jones, 913 F.2d 1552, 1557 (11th Cir. 1990). The central determination is "whether, viewing all the evidence in the light most favorable to the Government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict, a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." United States v O'Keefe (11th Cir. 1987) 825 F2d 314 (internal citation omitted).

Defendant claims that the evidence that was admitted was insufficient to support the jury's finding of guilty. Defendant also claims that the evidence admitted was a result of an unlawful search and a result of statements made during Rule 11 proffers. Defendant also claims that the Government relied on Defendant's prior drug conviction and the testimony of a co-defendant co-conspirator about the extent of the conspiracy. After an evidentiary hearing, this Court determined that evidence of the prior conviction and some of the evidence obtained during the proffers was admissible. This evidence was properly considered by the jury. The Court also made decisions about the admissibility of information obtained in the Rule 11 proffers. At that time, the Court considered Defendant's arguments and ultimately decided that the evidence was properly admissible. Those decisions will not be revisited here. All the evidence that was admitted was admitted after careful consideration of Defendant's objections. This evidence was properly considered by

the jury and their admissibility will not be reevaluated or reconsidered in this motion for a new trial. The evidence supplied by the Government adequately addressed all elements of the offenses and this Court's decision to admit the evidence did not violate Defendant's right to a fair trial.

A reasonable jury could have found Defendant guilty beyond a reasonable doubt of conspiring to possess marijuana and possession with intent to distribute marijuana. Therefore, after carefully reviewing the evidence in the light most favorable to the government and drawing all references in favor of the jury's verdict, this Court holds that the evidence presented during the course of this trial was sufficient to sustain Defendant's conviction.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Judgment of Acquittal (doc. 142) is hereby *denied*.

2. Defendant's Motion for a New Trial (doc. 143) is hereby *denied*.

**DONE AND ORDERED** this <u>thirteenth</u> day of March, 2008.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge